```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | |
|---|---|
| EDUARDO MARTINEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-1449 |
| § | |
| DUPONT POWDER COATINGS USA, § | |
| INC., JESUS MARTINEZ, § | |
| CRISTOBAL VILLAFRANCA, JIM § | |
| BELSON, and WADE ROBINSON, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending are the Motions to Dismiss of Defendants Jesus Martinez (Document No. 8), Cristobal Villafranca (Document No. 9), Jim Belson (Document No. 16), and Wade Robinson (Document No. 17), and Defendants DuPont Powder Coatings USA, Inc., Jesus Martinez, Cristobal Villafranca, Jim Belson, and Wade Robinson's Partial Motion to Dismiss (Document No. 15).  Plaintiff Eduardo Martinez has not responded to these motions, and they are therefore deemed unopposed under Local Rule 7.4.  After having carefully considered the motions and the applicable law, the Court concludes that the motions should be granted.

Plaintiff Eduardo Martinez ("Plaintiff"), *pro se*, alleges that his former employer Defendant DuPont Powder Coatings USA, Inc. ("DuPont") and Defendant DuPont employees Jesus Martinez ("Martinez"), Cristobal Villafranca ("Villafranca"), Jim Belson ("Belson"), and Wade Robinson ("Robinson") (collectively,

"Individual Defendants") discriminated against him on the basis of his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and discharged him in retaliation for making a complaint under the Occupational Safety and Health Act ("OSHA"), in violation of 29 U.S.C. § 660(c). Specifically, Plaintiff alleges that (1) his supervisor Martinez "made a special policy rule" that applied to Plaintiff alone in 2004; (2) his supervisor Villafranca denied that Plaintiff had an accident in 2004, after Plaintiff had reported the accident to him; (3) Plant Manager Belson moved Plaintiff from the first shift batch/maker position to the second shift in order to give Plaintiff's position to the first shift supervisor's brother, and Plaintiff was harassed after reporting the incident to corporate headquarters; and (4) Human Resources employee Robinson did not respond to Plaintiff's complaints in 2001 about problems with his supervisors.  Plaintiff also alleges the following:

> I was fired from Dupont on September 16 of 2004 because I was accused of having a pistol in the locker room which was a lie.  This lie was made in reprisal of August 30 of 2004 when I made a complain [sic] to Osha [sic] for defective equipment.  In reprisal they invented that I had a pistol so that I could get fired.  In 2003 they searched all of the employees and they found a rifle in Mr. Thomas Ruthledge in his possession.  They never did anything to him.  I think that this was because he is Anglo-American and I am Hispanic.

Document No. 1 at 5.  The Individual Defendants now move to dismiss Plaintiff's Title VII claims against them, arguing that Plaintiff

cannot maintain his Title VII claims against individual co-employees as a matter of law.  All Defendants move to dismiss Plaintiff's retaliation and/or discrimination claims under section 11(c) of the OSHA, asserting that Plaintiff lacks standing to bring these claims because there is no private cause of action for a retaliatory discharge under section 11(c).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  Dismissal of a claim is improper "unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."  Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994).  Therefore, in challenging the sufficiency of the complaint under Rule 12(b)(6), the movant bears the burden of proving that "no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint.  Hishon v. King & Spalding, 104 S. Ct. 2229, 2232 (1984).  While the district court generally may not go outside the complaint in addressing a Rule 12(b)(6) motion, it may consider documents attached to the complaint, as

3

well as documents that are referenced in and central to the complaint.  *See* Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 839 (5th Cir. 2004); Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003).

Plaintiff sues the Individual Defendants under Title VII. However, the Fifth Circuit has held that there is no individual liability for employees under Title VII.  *See* Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999); Smith v. Amedisys Inc., 298 F.3d 434, 448 (5th Cir. 2002) (analyzing Louisiana employment discrimination statute by reference to Title VII).  *See also* Foley v. Univ. of Houston Sys., 355 F.3d 333, 340 n. 8 (5th Cir. 2003) ("[R]elief under Title VII is available only against an employer, not an individual supervisor or fellow employee.").  While Title VII's definition of the term "employer" includes "any agent" of an employer, Congress's purpose was merely to import *respondeat superior* liability into Title VII.  *See* Indest, 164 F.3d 258 at 262 (citing 42 U.S.C. § 2000e(b)). Moreover, a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity.  *See* id.  Thus, as a matter of law Plaintiff cannot maintain Title VII claims against the Individual Defendants in either their individual or official capacities, and these claims will be dismissed.

Plaintiff also alleges that Defendants discriminated and discharged him in retaliation for making an OSHA complaint about defective equipment. The Fifth Circuit has held that "there is no private cause of action under federal law for a private employer's retaliatory discharge of an employee contrary to section 11(c) [of the OSHA]." George v. Aztec Rental Ctr., Inc., 763 F.2d 184, 186 (5th Cir. 1985). *Accord* Taylor v. Brighton Corp., 616 F.2d 256, 264 (6th Cir. 1980). Instead, only the Secretary of Labor may bring an action pursuant to section 11(c). *See* 29 U.S.C. § 660(c)(2). *See also* George, 763 F.2d at 186-87; Story v. Montgomery Kone, Inc., No. CIV.A.3:99CV0538-D, 2002 WL 576037, at *3 (N.D. Tex. Apr. 11, 2002) (dismissing employee's section 11(c)(1) claim because "[the statute] does not provide a private right of action, but confers on the Secretary the exclusive right of enforcement."). As such, Defendants' motion to dismiss Plaintiff's claims under section 11(c) of the OSHA will be granted.

Accordingly, it is

ORDERED that the Motions to Dismiss of Defendants Jesus Martinez (Document No. 8), Cristobal Villafranca (Document No. 9), Jim Belson (Document No. 16), and Wade Robinson (Document No. 17) are GRANTED, and Plaintiff Eduardo Martinez's Title VII claims against these Individual Defendants are DISMISSED. It is further

ORDERED that Defendants' Partial Motion to Dismiss (Document No. 15) is GRANTED, and Plaintiff's claims under section 11(c) of

the OSHA are DISMISSED.  Remaining for adjudication are Plaintiff's Title VII claims against Defendant DuPont Powder Coatings USA, Inc.

The Clerk will enter this Order and send a copy to all counsel of record.

SIGNED at Houston, Texas, on this 26th day of June, 2006.

```
                              _____
                                   EWING WERLEIN, JR.
                              UNITED STATES DISTRICT JUDGE
```