```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

EDUARDO MARTINEZ,                   §
                                    §
         Plaintiff,                 §
                                    §
v.                                  §    CIVIL ACTION NO. H-06-1449
                                    §
DUPONT POWDER COATINGS USA,         §
INC., JESUS MARTINEZ,               §
CRISTOBAL VILLAFRANCA, JIM          §
BELSON, and WADE ROBINSON,          §
                                    §
         Defendants.                §


MEMORANDUM AND ORDER
---

Pending is Defendant Dupont Powder Coatings USA, Inc.'s Motion for Summary Judgment (Document No. 28). Plaintiff Eduardo Martinez has not responded to this motion, and it therefore deemed unopposed under Local Rule 7.4.[1] After carefully considering the motion and the applicable law, the Court concludes that the motion should be granted.

The background for this suit and the identities of the parties may be found in the Court's Memorandum and Order dated June 26, 2006. *Pro se* Plaintiff Eduardo Martinez ("Plaintiff") alleges that

---

[1] Although Plaintiff filed no response as contemplated by Local Rule 7.4(C)-(D) (response to motion "[m]ust include or be accompanied by authority . . . [and] a separate form order denying the relief sought."), Plaintiff did send a letter to the Court stating that "various pages [were] missing" from Plaintiff's deposition that Defendant attached to its motion for summary judgment. Document No. 29 at 1. Plaintiff attached a complete copy of the deposition and three other pieces of correspondence to the letter, which are accepted as supplemental summary judgment evidence.

his former employer Defendant DuPont Powder Coatings USA, Inc. ("Defendant") retaliated against him and engaged in unlawful discrimination on the basis of his race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  Defendant moves for summary judgment, arguing that Plaintiff's claims are time-barred because he failed to file suit within ninety days after receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  Id.  "[T]he nonmoving party must set forth

specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

"A civil action under Title VII must be brought within ninety days of receipt of a right-to-sue letter from the EEOC." Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992); *see also* Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 1287 (2003). The ninety-day limitation period is strictly construed. Taylor, 296 F.3d at 379. "Courts

3

within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." Id. (citing Butler v. Orleans Parish Sch. Bd., No. 00-0845, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period)).  Although the ninety-day filing requirement is not jurisdictional, but is more akin to a statute of limitation, "in the absence of extenuating circumstances, it is a statutory precondition to the maintenance of any action under Title VII in federal court." Hunter-Reed v. City of Houston, 244 F. Supp. 2d 733, 739-40 (S.D. Tex. 2003); *see also* Taylor, 296 F.3d at 379; Baldwin County Welcome Ctr. v. Brown, 104 S. Ct. 1723, 1725-26 (1984).

Here, the uncontroverted summary judgment evidence is that the EEOC mailed Plaintiff's right-to-sue letter on November 19, 2004. Document No. 28 ex. A-2.  Plaintiff testified in his deposition that he received the letter "at the end of 2004 or the beginning of 2005." Id. ex. A at 19.  He did not file suit until April 27, 2006, well more than one year after Plaintiff received the right-to-sue letter from the EEOC.  Plaintiff has not responded to the motion for summary judgment nor presented argument or evidence that equitable tolling or other equitable relief is warranted in this case. *See, e.g.,* Wilson v. Sec'y, Dep't of Veterans Affairs, 65 F.3d 402, 404 (5th Cir. 1995) (holding that complainant in Title

4

VII case bears the burden of justifying equitable tolling); Espinoza v. Missouri Pac. R.R. Co., 754 F.2d 1247, 1250-51 (5th Cir. 1985) (listing circumstances in which equitable tolling of 90-period may be justified, none of which is present here).  As such, because Plaintiff did not file his complaint until April 27, 2006, and because there is nothing of record to justify equitable tolling, Plaintiff's Title VII claims are barred by the 90-day limitation period and will be dismissed.[2]  Accordingly, it is

ORDERED that Defendant DuPont Powder Coatings USA Inc.'s Motion for Summary Judgment (Document No. 28) is GRANTED, and Plaintiff Eduardo Martinez's Title VII claims are DISMISSED.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this 27th day of June, 2007.

*/s/ Ewing Werlein, Jr.*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff attached to his Complaint a Texas Workforce Commission (TWC) "Notice of Right to File a Civil Action" dated April 20, 2006, advising Plaintiff of his right to bring a private civil action under the Texas Labor Code within 60 days of receipt of the Notice.  Document No. 1 ex. 1; *see also* TEX. LABOR CODE § 21.254 (providing that a complainant may bring his claim under the Texas Commission on Human Rights Act (TCHRA) within 60 days of receipt of notice to file a civil action).  Although Plaintiff filed this Title VII suit within 60 days after receiving the notice from the TWC, the only employment claims alleged in the suit are brought under Title VII, not TCHRA.